**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE**

| | |
|---|---|
| RAPHAEL STEVENSON,<br><br>         Plaintiff,<br>vs.<br>SOLOMON AND SOLOMON, P.C.,<br>         Defendant. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Raphael Stevenson ("Plaintiff") brings this action on an individual basis, and asserts claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") seeking statutory and other damages against defendant Solomon and Solomon, P.C., ("S&S"), alleging, upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. Defendant S&S has been furnishing inaccurate information concerning an alleged debt collection account to non-defendant Trans Union, LLC ("TransUnion"), who, in turn, reported the information to numerous credit companies and persons.

2. Plaintiff disputed the reported debt in writing to TransUnion, which triggered TransUnion's statutory obligation to notify S&S of Plaintiff's dispute.

3. Despite such notice, S&S failed to communicate that the disputed debt was disputed, in dereliction of its duties under the FDCPA.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692 *et seq*.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and, because the defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, the defendant is subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

6. Plaintiff is a resident of Miami-Dade County, Florida and qualifies as a "consumer" as defined and protected by FDCPA. *See* 15 U.S.C. § 1692(a)(3). Plaintiff is an individual, and not an entity.

**Defendant**

7. Defendant S&S is a debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant S&S is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6), and maintains its principle executive office at 1 Columbia Circle, Albany, New York, 12203.

## SUBSTANTIVE ALLEGATIONS

8. S&S furnished inaccurate balance information concerning a purported S&S collection account to non-defendant TransUnion. TransUnion then sold consumer background reports (also known as credit reports) related to Plaintiff containing the inaccurate information to numerous credit companies and persons.

9. The purported debt related to the purported S&S collection account was originally issued by non-defendant CAPITOL PAYMENT PLAN and was thereafter acquired by S&S.

10. The purported debt underlying the disputed collection account arose out of a transaction in which money, property, insurance or services, which were the subject of the originating transactions, were primarily for personal, family or household purposes, and are "debt" as defined by 15 U.S.C. § 1692a(5).

11. Plaintiff disputed the reported debt underlying the S&S collection account in writing through the channels established by TransUnion for disputing consumer credit information. TransUnion, in turn, and as required by statute, notified S&S of Plaintiff's dispute. Nevertheless, S&S continued to report the disputed information without marking the account as disputed or updating the account as necessary.

12. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of S&S's misconduct. S&S's erroneous reporting of disputed information without marking such information as disputed or updating the account as necessary on Plaintiff's consumer background reports continues to affect Plaintiff's credit worthiness and credit score. As a result of S&S's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

13. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

## COUNT I

### Against S&S for Violation of the FDCPA, 15 U.S.C. § 1692(e)

14. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

15. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16. Under 15 U.S.C. § 1692e, *inter alia*:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(Emphasis added).

17. S&S received notice from TransUnion that Plaintiff disputed the inaccurate account balance information reported on the disputed account, as required by statute. *See* 15 U.S.C. §1681i(a)(2). After receiving notice of Plaintiff's dispute from TransUnion, S&S willfully, or at least negligently, failed to mark the disputed account as disputed on Plaintiff's reports issued by TransUnion and continued to communicate the inaccurate information.

18. Plaintiff has suffered damages as a result of defendant S&S's misconduct, including, but not limited to, emotional stress, and is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

ii. awarding attorneys' fees and costs, and other relief; and

iii. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 8, 2020                **COHEN & MIZRAHI LLP**
                                      YOSEF STEINMETZ
                                      FLORIDA BAR NO. 119968

                                      _/s/ Yosef Steinmetz_
                                      YOSEF STEINMETZ

                                      300 Cadman Plaza West, 12th Floor
                                      Brooklyn, NY  11201
                                      Telephone:  929/575-4175
                                      929/575-4195 (fax)
                                      yosef@cml.legal

                                      *Attorneys for Plaintiff*